

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~WILL WILSON~~
ATTORNEY GENERAL

Honorable G. E. Rigby
County Auditor
Uvalde County
Uvalde, Texas

Dear Sir:

Opinion No. O-4299
Re: Under the facts submitted, is
a taxpayer entitled to a remis-
sion of penalties and interest
under House Bill 76, Acts 47th
Legislature, Regular Session,
where such taxes are paid after
November 1, 1941?

This department has received and considered your written request for an opinion. We quote from your request:

"A taxpayer of this County went to the office of the tax collector to inquire about the amount of her taxes. At that time, the tax collector told her that the Legislature had passed a bill remitting penalty and interest, under certain conditions, pro- viding taxes were paid by November 1st, that that he had received the law. Thereupon, the tax collector told the taxpayer, that upon receiving the law as passed by the Legislature, he would figure the taxes and send her a tax statement, and the taxpayer stated that she would pay the taxes upon receipt of the statement.

"The tax collector did not send this statement, and the taxpayer did not come in to pay the taxes un- til after November 1st, at which time, the tax collect- or told the taxpayer that he would be unable to issue her a receipt unless she paid all penalty and interest.

"I would like to know whether or not, after the above conditions, the tax collector would have power to accept payment of this taxpayer's delinquent taxes, without collecting penalty and interest."

From the facts given in your letter we will assume that the taxes were delinquent and that the taxpayer desired to take advantage of the provisions of House Bill 76, Acts 47th Legislature, Regular Session, 1941, and that your inquiry involved the provisions of that Act. Section 1 of said House Bill 76 provides:

"Section 1. That all interest and penalties that have accrued on all ad valorem or poll taxes that were delinquent on or before July 1, 1940, due the state, any county, common school district, road district, levee improvement district, water improvement district, and water control and improvement district, irrigation district and other defined subdivisions of the state (and, subject to the provisions hereinbefore and hereinafter contained, such interest and penalties on delinquent ad valorem and poll taxes due cities, towns and villages, and special school districts, and independent school districts,) shall be and the same are hereby released, provided said ad valorem and poll taxes are paid on or before November 1, 1941." (Underscoring ours)

It will be seen that the above statute, providing for the remission of penalties and interest, does not authorize the assessor and collector of taxes to change the law so as to extend the time within which the taxes must be paid in order for the taxpayer to avail himself of its provisions.

The rule with reference to the power of public officers is stated in Tex. Jur. Sec. 67, pp. 440-442, inclusive, where it is said:

"Public officers and governmental and administrative boards possess only such powers as are expressly conferred upon them by law or are necessarily implied from the powers so conferred. They cannot legally perform acts not authorized by existing law, and the repeal of a statute authorizing an officer to do a particular thing, or of the statute that created the office, necessarily revokes and terminates its power.

"While public officers are for some purposes agents of the public and of the community which they represent, they are agents whose duty and authority

are defined and limited by law; not agents with general authority to bind the public. The rule that an agent can bind his principal by acts within the apparent scope of his authority does not apply to them. Ordinarily they cannot bind the government which they represent beyond the authority conferred upon them, in the absence of an estoppel or ratification of unauthorized acts. Furthermore, officers are not the agents of each individual member of the community, and no citizen can be presumed to assent to their illegal or unauthorized acts.

"Persons who deal with public officers are bound to take notice of their powers and are charged with knowledge that they can bind the government only as authority has been conferred."

We think that the statement of the tax assessor-collector to the taxpayer could not and did not change the existing law with reference to the time within which her delinquent taxes must have been paid in order to avail herself of the remission of penalties and interest. Everyone is charged with knowledge of the law. Since the statute does not confer upon the assessor and collector authority to extend the time, stated clearly and unequivocally therein, within which the payment of such taxes is required, in order for the taxpayer to avail herself of the remission, and since the assessor and collector, according to the authority cited above, was not otherwise authorized to change the law, it follows, therefore, that your question must be answered in the negative and that, under the facts submitted by you, the tax assessor and collector would not have the authority to accept payment of the taxpayer's delinquent taxes without collecting the penalty and interest due thereon.

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Harold McCracken
                Assistant

HM:EJ/ pam

APPROVED JAN 30 1942
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN